UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

SHANNON GUNTHER,                         )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )
                                         )
CONVERGENT OUTSOURCING, INC.,            )
a foreign corporation,                   )
                                         )
    Defendant.

## COMPLAINT FOR VIOLATIONS OF THE FDCPA

1.    This is an action arising from Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The FDCPA broadly prohibits any false, deceptive, or misleading communication made in connection with the collection of a time-barred debt.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331. This action arises under a federal statute. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 565 U.S., 181 L. Ed. 2d 881 (2012). Venue in this District is proper because Defendant does business in this District and the acts or omissions giving rise to the claims asserted herein occurred here.

## PARTIES

3. Plaintiff, SHANNON GUNTHER ("Plaintiff"), is a natural person who, at all times relevant herein, was a resident of Broward County, Florida.

4. Defendant, CONVERGENT OUTSOURCING, INC. ("Convergent") is a foreign corporation whose principal office is located at 800 SW 39th Street, Renton, WA 98055, and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5. Convergent claims to be "one of the largest collection companies in the United States[1]," is licensed in the State of Florida as a consumer collection agency, and at all times relevant herein, was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6. Among the debts Convergent attempts to collect are debts barred by the statute of limitations.

7. Abusive practices arising from the collection of time-barred debt are not uncommon. See Federal Trade Commission, Collecting Consumer Debts: The Challenges Of Change, A Workshop Report at 27-29 (Feb.2009); *see also FTC v. Asset Acceptance, LLC*, Case No. 8:12CV182 (M.D.Fla. Jan 31, 2012) available at http:// www. ftc. gov/ opa/ 2012/ 01/ asset. shtm (settlement and

---

[1] http://www.convergentusa.com/receivables/ (Last accessed: June 30, 2014)

payment of civil fine for attempting to collect on time-barred debt); *In re Am. Express Centurion Bank, Salt Lake City, Utah*, FDIC–12–315b, FDIC–12–316k, 2012–CFPB–0002 (Oct. 1, 2012), at 6–7 (Joint Consent Order, Joint Order for Restitution, and Joint Order to Pay Civil Money Penalty), available at http:// files. consumer finance. gov/ f/ 2012– CFPB– 0002– American– Express– Centurion– Consent– Order. pdf (consent agreement requiring bank to provide certain disclosures when attempting to collect time-barred debts).

8. The profit potential associated with the collection of time barred debt presents an irresistible temptation to unscrupulous debt collectors. A recent FTC study found that debt buyers paid on average 3.1 cents per dollar of debt for debts that were 3 to 6 years old and 2.2 cents per dollar for debts that were 6 to 15 years old compared to 7.9 cents per dollar for debts less than 3 years old. Finally, debt buyers paid effectively nothing for accounts that were older than fifteen years. *See McMahon v. LVNV Funding, LLC,* 744 F.3d 1010 (7th Cir. 2014) (quoting Fed. Trade Comm'n, The Structure and Practice of the Debt Buying Industry 47 (2013) (FTC Report 2013). The alleged debt at issue is one such debt.

## FACTUAL ALLEGATIONS

9. On June 4, 2014, Convergent sent Plaintiff the letter attached as Exhibit A seeking to a debt allegedly owed to the former Wachovia Bank. According to Convergent, Plaintiff owes the debt.

3

10. The alleged debt arose from one or more personal, family, or household transactions, and is therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5), specifically, a debt related to disputed costs and fees associated with a personal checking account Plaintiff once maintained at Wachovia Bank.

11. Because the Plaintiff is a natural person obligated or allegedly obligated to pay a debt, she is a "consumer" within the meaning of 15 U.S.C. § 1692(3).

12. Any transaction Plaintiff may have had with the former Wachovia Bank concluded prior to end of 2007. Therefore, the alleged debt, at the time Convergent attempted to collect it, was more than six (6) years old.

13. The longest statute of limitations which could be applicable to the debt described in Exhibit A is five (5) years in the State of Florida.

14. The longest statute of limitations which could be applicable to the debt described in Exhibit A is six (6) years in the State of Washington.

15. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations or not legally enforceable.

16. The Federal Trade Commission has determined that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the

collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

17. Recently, in *McMahon,* the Court of Appeals opined on the views of the Federal Trade Commission, the Consumer Finance Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of Comptroller of the Currency, noting, "As those agencies had argued in other cases, the court held that when 'collecting on a time barred debt a debt collector must inform the consumer that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's ability to sue on the balance.'" The Court therefore concluded that "an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term "settle" or "settlement."

18. Exhibit A is labeled as a "Settlement Offer," and goes on to state, "Our client has advised us that they are willing to *settle* your account …," and

"The *full settlement* must be received in our office by an agreed upon date." (emphasis added).

19. In addition to Convergent's failure to disclose to Plaintiff that the alleged debt was time-barred (*infra,* at ¶ 12), Convergent failed to inform Plaintiff that the collector cannot sue to collect the debt, and that by providing a partial payment, she would revive the collector's ability to sue on the balance.

20. Statements like, "The full settlement *must be received* in our office by an agreed upon date," implies that Plaintiff has a legal obligation to pay when, in fact, no such obligation exists. (emphasis added).

21. "If a consumer received an 'offer for settlement' and searched on Google to see what is meant by 'settlement,' she might find the Wikipedia entry for 'settlement offer.' *Settlement offer,* WIKIPEDIA, (Mar. 10, 2014 at 4:06 pm), http://en.wikipedia.org/wiki/Settlement_offer. There she would learn that the term 'offer to settle' is 'used in a civil lawsuit to describe a communication from one party to the other suggesting a settlement – an agreement to end the lawsuit before a judgment is rendered." *McMahon,* 744 F.3d at 1021.

22. "If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, or if

they believe the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA.[2]" *Id,* at 1022.

### COUNT I – False, Misleading or Deceptive Communications

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24. Convergent engaged unlawful and deceptive acts in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning the Plaintiff on a time-barred debt without disclosure of that fact, and moreover, by couching the demand as "Settlement Offer," thus implying that Plaintiff has a legal obligation to pay.

25. As a result of Convergent's conduct, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

26. Plaintiff is also entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff SHANNON GUNTHER requests that this Court enter judgment in her favor and against Defendant CONVERGENT

---

[2] The Eleventh Circuit has adopted the "least sophisticated consumer" standard to determine whether a debt collector's communication violates 15 U.S.C. § 1692e. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir.2010). Arguably, the 11th Circuit's "least sophisticated consumer" is even less sophisticated than the 7th Circuit's "unsophisticated consumer." *In re Cheaves,* 439 B.R. 220 (Bkrtcy.M.D.Fla., 2010).

OUTSOURCING, INC. for:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: July 2, 2014.

        Respectfully submitted,

        SCOTT D. OWENS, P.A.
        *Attorneys for Plaintiff*
        664 E. Hallandale Beach Blvd.
        Hallandale, Florida 33009
        Telephone: 954-589-0588
        Facsimile: 954-337-0666
        scott@scottdowens.com

        By: */s/ Scott D. Owens*
          Scott D. Owens, Esq.
          Florida Bar No. 0597651